IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD DARWIN GRIFFIN, JR., )<br>)<br>Plaintiff, )<br>-vs- )<br>)<br>KILOLO KIJAKAZI, )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 21-258 |

**ORDER**

AND NOW, this 16th day of June, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. §405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, mostly via footnote, that the Administrative Law Judge ("ALJ") erred in various ways in denying his claim for benefits. Although the ALJ's well-written decision largely speaks for itself, the Court will briefly address Plaintiff's contentions. In the first footnote of his brief, Plaintiff suggests that the ALJ failed to include all of Plaintiff's limitations in the

interrogatories to the vocational expert ("VE"), specifically regarding environmental allergies, and further asserts that he was denied due process because he was not permitted to cross-examine the VE "face to face" at the hearing and because the VE did not have the opportunity to hear the testimony at the hearing. The Court finds no merit to this argument.

"[D]ue process requires that any hearing afforded [a Social Security disability] claimant be full and fair." *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir.1995). This standard is violated where the ALJ displays a bias or animus against a claimant or a claimant is deprived of the opportunity to present evidence. *See id.* at 902–03. *See also Bordes v. Comm'r of Soc. Sec.*, 235 Fed. Appx. 853, 857-58 (3d Cir. 2007). The burden of demonstrating a violation of due process rests with the party raising the objection, and such party "must show that the behavior of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" *Roberson v. Colvin*, Civ. No. 13-1183, 2014 WL 4258306, at *4 (W.D. Pa. Aug. 26, 2014) (citing *Liteky v. United States*, 510 U.S. 540, 551 (1994)). After a review of the record as a whole, the Court finds Plaintiff was not denied due process.

To begin with, although the VE did not testify at the administrative hearing, he did participate by telephone and therefore did hear the testimony of Plaintiff and Donald Poindexter. (R. 499-500). After the hearing, the ALJ sent the VE interrogatories regarding Plaintiff's ability to work. (R. 752-55). Plaintiff was specifically given the opportunity to reply to the interrogatories in writing or by presenting additional evidence, to submit additional questions to the VE in light of these interrogatories, or to request a supplemental hearing, which could include questioning the VE. (R. 756-57). Plaintiff, through counsel, indicated that he had no objection to the VE's testimony and did not request a supplemental hearing. (R. 759). Under these circumstances, Plaintiff, who was represented by counsel at all relevant times in these proceedings, cannot reasonably claim he was denied a fair hearing before an impartial ALJ.

It is not clear how the omission of Plaintiff's alleged environmental allegories from the interrogatories relates to a lack of due process. Regardless, Plaintiff never alleged any functional limitations as a result of his allergies, did not testify about functional limitations stemming from his allergies at the hearing, and did not suggest any specific functional limitations he believes are a result of his allergies in his brief. Furthermore, his counsel never raised the issue at the hearing (R. 488-529) or when given the opportunity to submit questions to the vocational expert. (R. 759). He cites to no medical record or opinion evidence indicating that his allergies resulted in functional limitations. Moreover, contrary to Plaintiff's assertions otherwise, the ALJ acknowledged Plaintiff's allergies when he noted Plaintiff's noncompliance with suggested treatment for the same. (R. 358). Thus, the Court discerns no error in regard to the ALJ's treatment of Plaintiff's alleged allergies.

Plaintiff next asserts in a footnote that the ALJ erred in finding that he has at least a high school education, having received his General Education Diploma ("GED") in 2005. To that end, Plaintiff admits that he himself had indicated that he had received his GED (R. 695) but argues that this is inconsistent with his later testimony that he has only a 9th grade maximum education. (R. 501-02). The Court is not persuaded by Plaintiff's argument. Even if the Court were to second guess the ALJ's consideration of Plaintiff's own conflicting statements, it is not

the Court's role to reweigh the evidence. Rather, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Such is the case here. The Court further notes that Plaintiff does not indicate the relevance of this particular issue.

Plaintiff does continue in the same footnote to assert that the ALJ should have recognized that he was illiterate and /or should have investigated the issue of Plaintiff's intellectual functioning more fully. Here, as noted by the ALJ, there is substantial evidence that Plaintiff has a GED and that he can speak, read, write, and understand English. (R. 502-03, 693, 695). The Court further finds that the ALJ did not err by failing to order a consultative examination on this issue. The decision to order a consultative examination is within the sound discretion of the ALJ. *See* 20 C.F.R. §§ 416.919a, 416.920b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson*, 45 Fed. Appx. at 149. Circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency, or ambiguity in the record. *See* 20 C.F.R. § 416.919a. In this case, in addition to Plaintiff's GED, there were already opinions from a consultative psychological examiner as well as a state agency psychological consultant – that the ALJ found persuasive and somewhat persuasive, respectively – pertaining to Plaintiff's intellectual functioning. (R. 531-44, 935-41). As noted, Plaintiff himself did not testify that he could not read and write. Indeed, the ALJ considered this, and all of the evidence pertaining to Plaintiff's intellectual functioning, at considerable length. (R. 355, 357-58). Based on the same, the Court finds the ALJ was not required to order an additional consultative examination. The record was sufficient such that the ALJ could make a proper determination, particularly in light of Plaintiff's well-documented inconsistent testimony, malingering, and secondary motives.

In his third footnote, Plaintiff argues that the ALJ erred at Step Two of the sequential analysis. At this step, an ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that is severe. *See* 20 C.F.R. § 416.920(c). Plaintiff bears the burden of proof at Step Two. The mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment; the question of severity relies not on the particular condition, but on the limitations stemming from that condition. *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. *See* 20 C.F.R. §§ 416.920(c), 416.922. If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. *See* 20 C.F.R. § 416.920(a).

Typically, at Step Two when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an additional impairment to be severe is harmless because the Claimant is not denied benefits at Step Two. *See Salles v. Comm'r of Soc.*

---

*Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019). What matters is whether the ALJ properly accounted for the additional issues in formulating Plaintiff's RFC.  In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 416.945(a)(2).

In this case, the ALJ considered the "entire record" to determine if Plaintiff had an impairment or "a combination of impairments" that is severe and found Plaintiff to have the following severe impairments: major depressive disorder with psychotic features, schizophrenia, psychotic disorder, antisocial personality disorder, post-traumatic stress disorder, and malingering. (R. 349-50). The ALJ then proceeded to Steps Three, Four, and Five.  Thus, Plaintiff was not denied benefits at Step Two.  Rather, the ALJ proceeded beyond Step Two, and in so doing, stated that in making the RFC determination he considered all symptoms. (R. 349). Therefore, any purported error was harmless such that a reversal or remand on this basis is not warranted.

Finally, in the main body of Plaintiff's brief, he argues that the ALJ's findings were not supported by substantial evidence.  In particular, Plaintiff submits that the ALJ failed to properly apply the process of determining whether he met or equaled a listing at Step Three.  At this step, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *See* C.F.R. § 416.920(a)(4)(iii); *Jesurum*, 48 F.3d at 117.  An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *See Burnett v. Commissioner*, 220 F.3d 112, 119 (3d Cir. 2000).  It is a claimant's burden to show that his/her impairment matches a listing or is equal in severity to a listed impairment. *See Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).  It is important to remember that to meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (*quoting Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)).

At issue in this case are Listings 12.03, 12.04, 12.06, 12.08, and 12.15, 20 C.F.R. Part 404, Subpart P, Appendix 1.  Plaintiff avers that he meets these Listings.  In so arguing, in large part he is merely asking the Court to reconsider and reweigh the evidence.  Again, the Court may not do so. *See Monsour*, 806 F.2d at 1190-91; *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Regardless, with regard to these listings, the ALJ found that Plaintiff did not meet the requirements of paragraphs B or C.  (R. 350-52).  An ALJ must provide sufficient detail within his/her determination to permit a proper and meaningful judicial review. *See Burnett*, 220 F.3d at  120.  In considering the same, the decision must be read as a whole. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).  After a review of the evidence and reading the decision of the ALJ as a whole, the Court is able to make a meaningful review and finds that the ALJ's finding that Plaintiff did not meet the requirements of paragraph B or C is supported by

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/ Alan N. Bloch  
United States Senior District Judge

ecf:    Counsel of Record

---

substantial evidence of record.  Again, Plaintiff's suggestion that his interpretation of the medical evidence more properly defines his abilities ignores the substantial evidence standard of review.  Consequently, neither reversal nor remand is warranted on this basis.

Accordingly, for all of the reasons stated herein, the Court finds that the ALJ applied the proper legal standards in this case and that substantial evidence supports the ALJ's decision.  The Court, therefore, affirms the decision.